**SIGNED THIS 25th day of January, 2022**

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

In re:
**JERRY ROBERT SCOTT, JR.,**                            **Chapter 13**
    **Debtor.**                                         **Case No. 22-60015**

### ORDER AND NOTICE OF HEARING

On January 7, 2022, Jerry Robert Scott, Jr. filed a chapter 13 petition *pro se*. *See* ECF Doc. No. 1. Based on a review of what has been filed in his case, the Court finds it necessary to hold a hearing on the following two issues: (i) Mr. Scott's possible lack of eligibility to proceed as a debtor in this case based on the failure to complete prepetition credit counseling; and (ii) Mr. Scott's failure to file all required schedules, statements, and a chapter 13 plan. For the reasons explained below, the Court will hold a hearing on February 10, 2022, by video using Zoom software to hear from the debtor on these issues.

*Prepetition Credit Counseling Requirement*

In Part 5 of the petition, Mr. Scott checked the box that he received a briefing from an approved credit counseling agency within 180 days prior to filing the petition but that he does not have a certificate of completion. Under this check box, the petition form notes that the debtor "MUST" file the certificate with the Court within 14 days of filing the petition. The certificate of completion has not been filed with the Court.

To qualify as a debtor under the Bankruptcy Code, an individual must meet certain eligibility requirements. 11 U.S.C. § 109. Specifically, an individual may not be a debtor under the Bankruptcy Code "unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." *Id.* § 109(h)(1). To proceed as a debtor in this Court, therefore, an individual must complete the credit counseling briefing within the 180-day period ending on the date of the filing of the petition.

The Court does not have discretion to waive the credit counseling pre-filing requirement unless the circumstances fall within one of the statutory exceptions to this requirement, none of which have been asserted in this case. The Court has not yet been provided with a certificate evidencing that Mr. Scott received the required credit counsel. It appears that Mr. Scott thus is not eligible to proceed as a debtor in this case. It may therefore be appropriate to dismiss this case. The Court will hold a hearing to determine whether Mr. Scott is eligible to proceed as a debtor in this case.

*Filing Deficiencies*

In order to proceed through the bankruptcy process, debtors must complete and file particular documents with the Court. Currently, the Court's docket reflects that Mr. Scott has <u>not</u> filed the following required documents for his chapter 13 case:

1. Schedules of Assets and Liabilities, which include:

    a. Schedule A/B: Property (Official Form 106 A/B)

    b. Schedule C: The Property You Claim as Exempt (Official Form 106C)

    c. Schedule D: Creditors Who Have Claims Secured by Your Property (Official Form 106D)

    d. Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 106E/F)

    e. Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G)

    f. Schedule H: Your Codebtors (Official Form 106H)

    g. Schedule I: Your Income (Official Form 106I)

    h. Schedule J: Your Expenses (Official Form 106J)

    i. Summary and Certain Statistical Information (Official Form 106Sum)

    j. Declaration About an Individual Debtor's Schedules (Official Form 106Dec).

  2. Statement of Financial Affairs for Individuals Filing for Bankruptcy (Official Form 107).

  3. Statement of Your Current Monthly Income (Official Form 122C-1).

  4. Chapter 13 Plan (Official Form 113).

  **Mr. Scott must cure these deficiencies to proceed with his case.**

  Accordingly, it is

**O R D E R E D**

  That a hearing shall be held on **February 10, 2022, at 9:30 A.M. by video using Zoom software**. **Parties shall not appear in person. The parties may access the hearing using the following URL: https://vawb-uscourts-gov.zoomgov.com/j/1603692643.** Alternatively, parties may log in to their Zoom account and join the meeting using Meeting ID number 160 369 2643.

  At the hearing, the Court will first consider whether Mr. Scott is eligible to be a debtor in this case based on the lack of prepetition credit counseling. **If the Court determines that Mr. Scott is not eligible, the case will be dismissed at the hearing.**

Second, if Mr. Scott has not filed the requires schedules, statements, and his proposed chapter 13 plan by the hearing date, the Court will hear whether good cause exists to extend the time to file the documents or whether it is appropriate to dismiss the case for such failure.

Copies of this Order are directed to be sent to the debtor; the chapter 13 trustee; and the Office of the United States Trustee.

**End of Order**